**Elmer RUDD, Petitioner,**

**v.**

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

May 9, 1973.

Certiorari Denied by Supreme Court
July 16, 1973.

Robert M. Stivers, Jr., Knoxville, for petitioner.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, John T. O'Connor, Asst. Dist. Atty. Gen., Knoxville, for respondent.

## OPINION

GALBREATH, Judge.

Following a full evidentiary hearing on his petition alleging that his pleas of guilty to separate charges of grand larceny, burglary and escape from lawful confinement were involuntary and induced by fear that he would be prosecuted as an habitual criminal, Elmer Rudd's post conviction action was dismissed and he appeals.

The record fully supports the action of the trial judge who found that the petitioner, represented by retained counsel, entered his pleas after lengthy consultations with his attorney and members of his family with full understanding of the consequences. Such pleas cure all non-jurisdictional defects. See Reed v. Henderson, 6 Cir., 385 F.2d 995.

It may be, and probably is, true that the petitioner was afraid that he would be prosecuted as an habitual criminal if he did not cooperate with the State in disposing of the cases pending against him. Only a few motives suggest themselves for any defendant in a criminal case to plead guilty rather than go to trial. He may be contrite and repentent and feel strongly that he should admit his guilt and accept whatever punishment may be meted out to him. He may recognize that his chances of success in a contested trial are so slight that he does not care to incur the

**748**

expense involved in a protracted, futile defense. But the most common denominator inducing guilty pleas is fear. Fear of more severe punishment than the State agrees to recommend in exchange for the avoidance of the rigors and uncertainties of a trial has been and always will be the most useful tool in the process of plea bargaining. This fear of the possible consequences of insisting on the constitutional right to a trial may be the determining factor in persuading a defendant to plead guilty but has been held not to be a basis for a later voidance of such a plea, even when the fear was of death itself, so long as that fear does not prevent him, with the help of counsel, from rationally weighing the advantages of going to trial against the advantages of pleading guilty. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

■ Inasmuch as the petitioner has not been prosecuted under our habitual criminal statute, he has no standing to attack its constitutionality as he does in his petition as being violative of immunities granted against double jeopardy and cruel and unusual punishment. His position is somewhat analogous to that of the defendant in Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, who complained on appeal that the jury as selected was "death oriented" after they declined to impose capital punishment but recommended life imprisonment instead. One may not complain of a result that did not occur.

■ In any event, our Supreme Court has upheld the constitutionality of our habitual criminal statute and we, as an intermediate appellate Court, are bound by such rulings. See Canupp v. State, 197 Tenn. 56, 270 S.W.2d 356.

The judgment is affirmed.

WALKER, P. J., and RUSSELL, J., concur.