Kenneth S. GEORGE, Petitioner,

v.

STATE of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

Aug. 4, 1975.

Certiorari Denied by Supreme Court Dec. 1, 1975.

William S. Fleming, Columbia, for petitioner.

R. A. Ashley, Jr., Atty. Gen., W. Henry Haile, Asst. Atty. Gen., Nashville, for respondent.

## OPINION

O'BRIEN, Judge.

This is an appeal from dismissal of a post-conviction petition after an evidentiary hearing in the Criminal Court of Giles County.

According to the information to be gleaned from this record it appears this defendant was charged with the offense of armed robbery in Giles County, Tennessee, and arrested on November 28, 1969. After a preliminary hearing in the General Sessions Court, defendant was bound over to the Grand Jury and an indictment was returned against him for the offense.

On June 1st, 1970, represented by appointed counsel, defendant appeared before the Hon. W. A. Harwell and entered a plea of guilty to the offense of armed robbery. He received a minimum sentence of 10 years. Armed robbery was a capital offense at the time. From defendant's testimony it appears that at the time of his original guilty plea in 1970, he was on parole from the state of Illinois. There was also a charge of armed robbery pending against him in an adjacent county which was placed on the retired docket in conjunction with the plea bargain.

Subsequently, defendant filed a petition for post-conviction relief in the Circuit Court of Giles County. Counsel was appointed and on April 26, 1972, Judge Har-

well set aside the guilty plea, reinstating the case on the docket. A portion of the order setting aside the original guilty plea is quoted in the record as follows:

"This Court does not want anyone incarcerated under the apprehension of having to face other charges and for this reason alone this relief is granted and the case is set for a new trial in Giles County."

On June 9th, 1972, defendant was released from custody and allowed to post bond. About the middle of July, 1972, he was charged, arrested, and bound over on a charge of grand larceny. He was indicted at the October term of the Grand Jury.

On November 20th, 1972, represented by court appointed counsel, defendant entered a guilty plea to the original offense of armed robbery with which he had been charged, before Judge Joe M. Ingram, and again received the minimum sentence of ten years. In lieu of the pending grand larceny charge he also entered a plea of guilty to a charge of receiving stolen property in the value of less than $100.00 with the penalty fixed at not less than one year nor more than five years in the State Penitentiary, the sentence to run concurrently. The case of armed robbery pending in Lawrence County was again placed on the retired list.

On February 7th, 1974, another petition for post-conviction relief filed by the defendant to set aside the conviction for receiving stolen property came on to be heard before Judge Jerry Scott in part 2 of the Circuit Court of Giles County. The petition was sustained. The conviction was vacated and declared null and void with the direction that the same should be expunged from petitioner's record.

On May 24th, 1974, the petition was filed which we now have under consideration. The petition alleges eight grounds for relief. The only one of these allegations which states an abridgment of a constitutional right cognizable under the provisions of the Post-Conviction Procedure Act is the charge that his guilty plea was induced through continued emphasized statements of other pending charges against him during the plea bargaining interview of November 8th, 1972, and that because of his mental state during the plea bargaining session he was entitled to an evidentiary hearing with a finding of fact on the voluntariness of his guilty plea.

Assignments of error here are as follows:

(1) Defendant received erroneous legal advice during the plea bargaining session on November 8th, 1972.

(2) Defendant's physical and mental condition were such that his plea was not understandably and voluntarily made.

(3) The trial court did not make a written finding of facts and conclusions of law as required by T.C.A. Sec. 40–3818.

Defendant bases these allegations on the fact that he was allowed to plead guilty to a charge of receiving and concealing stolen property in lieu of the charge of grand larceny pending against him, and the receiving stolen property charge was later set aside and declared null and void. It is the theory of defendant that if the sentence on receiving stolen property was invalid because it is not a lesser included offense of grand larceny, that the entire plea bargain made by him on all three cases was equally invalid and therefore the advice he received from counsel was erroneous. This appears to be his primary complaint against his counsel.

The evidence introduced at the evidentiary hearing regarding defendant's physical and mental condition was that on November 8th, 1972, defendant was afforded a private interview with Mrs. Joyce Laben, an Associate Professor of Psychiatric Nursing at Vanderbilt Hospital who was also a consultant with the Department of Mental Health. This meeting was attended by defendant's appointed counsel as well as an attorney who worked with Mrs. Laben. Mrs. Laben testified she was also conduct-

ing group therapy at a half-way house for ex-residents of the prisons in the state and as a result was acquainted with defendant. At the time of the interview she noted a marked physical deterioration in him, but he seemed acutely aware of the law applicable to his legal situation. Several alternatives were discussed at the meeting, the ultimate choice among which was left for defendant's decision. She was of the opinion his primary interest was getting out of the County Jail and returning to the penitentiary as quickly as possible where he could get better care. The witness said that after his return to the State Penitentiary his physical appearance improved.

Subsequently, on the same day defendant met in his attorney's office with a representative of the attorney general's office and his appointed counsel where the final agreement was worked out. Defendant did not appear in court to submit the guilty plea until November 20th, 1972. The assistant district attorney who represented the state at the plea bargaining session, and the presentation of the matter in court, testified that defendant appeared concerned over the fact that he had other charges pending against him in another jurisdiction in another state and was eager to work out a situation by which he would be required to serve the least possible amount of time in Tennessee. He stated that he particularly did not say anything to the effect that defendant might receive maximum punishment on the charge in Lawrence County if he did not plead guilty in Giles County because that had been one of the main bases for setting aside the prior guilty plea. Defendant appeared to be in full command of his mental faculties, was completely aware of his rights, and participated in the discussion. He had observed the competency of defendant's appointed counsel over a period of eight years at the Bar and considered him a highly competent trial attorney, well-skilled in all phases of the law, and particularly skilled in criminal proceedings. Defendant participated fully in reaching the agreement.

Defendant himself testified that some months prior to the submission of his guilty pleas he had experienced a shortness of breath and weakness accompanied by pains in his chest which resulted in his being removed to the hospital from the County Jail. He stayed for a few days in an intensive care unit due to a suspected coronary problem. He says on the date his guilty plea was submitted he did not think his physical health was bad. He had lost sixteen or seventeen pounds in weight while he was out of prison on bond. During the discussions at the plea bargaining session, he says the same situation occurred which he experienced prior to the submission of his first guilty plea, that is, the State's representative continued to discuss all of the charges pending against him, and unless he accepted the offer they made to him in Giles County they would put him to trial on all of the outstanding charges in that county and elsewhere. It was made plain the State would only accept a package deal. He felt that he was coerced into submitting a guilty plea because the State gave him no choice other than to enter guilty pleas in Giles County, the alternative being that he would have to stand trial for all offenses pending both there and in Lawrence County. Defendant admitted he had signed a plea of guilty in open court and stated to the court in the presence of his counsel that he was fully informed of his rights and had advised his counsel he voluntarily chose to enter a guilty plea. He was fully informed of the minimum and maximum sentences for the offenses for which he was charged.

█ We have reviewed this record repeatedly and it is plain that defendant has failed to carry the burden imposed on him to prove the charge that he received erroneous legal advice which was prejudicial to his rights in any aspect of the plea bargaining or the submission of his guilty pleas. It is equally plain that defendant's concurrence in the plea bargaining agreement was brought about by his apprehension of trial on the armed robbery charge pending

against him in Lawrence County. Of course, a guilty plea is not rendered involuntary by the fact that an accused is faced with election between a possible greater sentence on a plea of not guilty and a lesser sentence upon a guilty plea, or by fear that he may otherwise be prosecuted for another offense. *Beaty v. Neil,* 4 Tenn.Cr.App. 86, 467 S.W.2d 844; *Bratton v. State,* Tenn.Cr. App., 477 S.W.2d 754; *Rudd v. State,* Tenn. Cr.App., 497 S.W.2d 746; *Waggoner v. State,* Tenn.Cr.App., 512 S.W.2d 627; *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

The failure of the trial judge to state his findings of fact and conclusions of law in the order of dismissal does not constitute an abridgment of any constitutional right which would render the conviction or the sentence of defendant void or voidable. The primary intent of this statutory mandate is to facilitate the review of the trial proceedings, and while we find the record in this case to be in a deplorable condition because of the failure to include the exhibits introduced at the post-conviction hearing, and the transcript of the guilty plea proceedings, as well as a finding of fact with conclusions of law by the trial judge, the issues raised have required a concentrated study of the trial record of the evidentiary hearing. All of the evidence introduced at the hearing was on behalf of defendant and the State offered no contradictory proof. It is obvious that this defendant is a person of some considerable experience in legal proceedings. By his first post-conviction petition in these cases he had the judgement of conviction on his guilty plea to armed robbery set aside for the same reasons which he now says entitles him to have his second guilty plea set aside. It seems inconceivable that a mature man, who by the testimony of his own witnesses was acutely aware of the law applicable to his legal situation, would submit a second agreement to the court for approval for the same offense unless he was aware of the penalties to be assessed and freely, voluntarily, and knowledgeably entered into that agreement. Defendant had the benefit of having the armed robbery charge against him in Lawrence County placed on a retired docket. While it is true that this case is still subject to further prosecution, *State ex rel. Lewis v. State,* 1 Tenn.Cr.App. 535, 447 S.W.2d 42, he had the advantage of what is most likely to be the final disposition of that case by virtue of his plea bargain. He has also disposed of the grand larceny charge pending against him, although it is possible that it too may be subject to further prosecution since defendant had the receiving stolen property charge declared null and void by his own volition. It seems apparent that the incentive for the guilty plea, which we find was voluntary, was the disposition of all the charges then pending against him.

This has been an interesting case and we commend appointed counsel for his very able and competent representation. We find no justification for defendant's complaint and the judgment of the trial court is affirmed.

GALBREATH and DUNCAN, JJ., concur.