# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1999



**FILED**

October 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **CYRUS DEVILLE WILSON,**<br>**NO. 01C01-9811-CR-00448** | ) | **C.C.A.** |
| | ) | |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. SETH NORMAN, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**WILLIAM A. LANE**                        **PAUL G. SUMMERS**
3236 Dilton Mankin Road            Attorney General & Reporter
Murfreesboro, TN  37127

                                                      **ELIZABETH B. MARNEY**
                                                      Assistant Attorney General
                                                      2nd Floor, Cordell Hull Building
                                                      425 Fifth Avenue North
                                                      Nashville, TN  37243

                                                      **VICTOR S. JOHNSON, III**
                                                      District Attorney General

                                                      **KIMBERLY HAAS**
                                                      Assistant District Attorney General
                                                      Washington Square, Suite 500
                                                      222 2nd Avenue North
                                                      Nashville, TN  37201-1649

OPINION FILED _____

VACATED AND REMANDED

THOMAS T. WOODALL, JUDGE

# OPINION

Petitioner Cyrus Deville Wilson appeals as of right from the denial of his post-conviction petition by the Davidson County Criminal Court. Petitioner was convicted by a jury of first degree murder, and seeks post-conviction relief on a number of grounds. Because the trial court's order denying post-conviction relief is incomplete, we vacate the judgment entered by the trial court and remand the case for the entry of a new order consistent with this opinion.

## I. Procedural History

A review of this Court's opinion on Petitioner's direct appeal reveals that Petitioner was convicted of first degree murder by a Davidson County jury in February of 1994, and Petitioner was sentenced to life imprisonment. See State v. Cyrus Deville Wilson, C.C.A. No. 01C01-9408-CR-00266, 1995 WL 676398 at *2, *5 (Davidson County) (Tenn. Crim. App., Nashville, Nov. 17, 1995) perm. to appeal denied (Tenn. 1996). The conviction was affirmed by the Court of Criminal Appeals in December of 1995. Id. at *1. Permission to appeal to the Tennessee Supreme Court was denied on March 25, 1996. Id.

Petitioner, acting pro se, filed his initial post-conviction petition on August 15, 1996. Petitioner alleged that (1) trial counsel was ineffective because counsel was undergoing psychological or substance abuse evaluation during his representation of Petitioner; (2) the trial court erred in giving a jury instruction on reasonable doubt that did not meet constitutional standards; (3) trial counsel was ineffective because counsel failed to object to this instruction; (4) the state failed to disclose an oral statement made by Petitioner, despite the fact that it was listed in Petitioner's discovery request, and the state intended to use the statement at trial; (5) the state violated Petitioner's due process rights because the state called a material witness, whose evidence was part of the state's proof-in-chief, as a rebuttal witness; and (6)

the state violated Petitioner's due process rights because the state failed to identify witnesses in the indictment whose testimony was part of the state's proof-in-chief.

Post-conviction counsel was appointed for Petitioner, and an amended post-conviction petition was filed on June 6, 1998. In the amended petition Petitioner alleged that his trial counsel was ineffective because of counsel's failure to locate, interview, and present alibi witnesses that were available and willing to testify on behalf of Petitioner.

## II. Facts

In this Court's opinion addressing Petitioner's direct appeal we summarized the facts of Petitioner's case:

> On September 15, 1992, Metro Davidson police officers found the body of Christopher Luckett partly lodged underneath a chain link fence in East Nashville. The victim had sustained a fatal gunshot wound to the head. The officers also found empty shotgun shells, shotgun "wadding," and a blue duffel bag at the crime scene. On February 2, 1993, the Davidson County Grand Jury indicted the appellant for the victim's murder. The case proceeded to trial on January 31, 1994.

> At trial, the state first called Chiquita Lee, the victim's sister, in order to establish the victim's age and health. Ms. Lee testified that the victim was nineteen years old at the time of his murder and that he had a deformity in his right arm that prevented its full use. Defense counsel objected on the ground that the state had not given prior notice of their intent to call Ms. Lee as a witness. The trial court overruled the objection.

> The state next presented evidence to establish a motive for the murder. Officer Phillip Wright testified that during routine patrol on or about July 20, 1992, he was stopped by the appellant who reported that the victim, Luckett, had stolen his car. Officer Wright further testified that, when asked if he wanted to swear out a warrant against the victim, the appellant replied "not right now." Defense counsel objected to this testimony on the ground that the appellant's statement to Officer Wright had not been disclosed prior to trial. Again, the trial court overruled the objection.

> Next, the state called two eyewitnesses to the murder. The first, Rodriguez Lee, testified that the appellant had a twelve-gauge shotgun which came from Mr. Lee's house. Lee added that he saw the appellant remove the gun from a blue duffel bag. Lee stated that he saw the appellant chasing the victim on the night of the murder. He further testified that the victim got stuck underneath a patio fence. Lee

then stated that he heard the victim plead "[p]lease don't kill me." According to Lee, the appellant paid no heed to the victim's pleas for mercy. Instead, he fired point-blank into the victim's face. Marquis Harris, another witness for the prosecution, also testified that he saw the appellant shoot the victim in the face.

Other witnesses corroborated this testimony. Steve Crawley testified that he saw the appellant three weeks prior to the murder carrying a shotgun. Crawley also testified that he witnessed the appellant on the night of the murder "acting shaky and nervous." Another witness, Frederick Davis, testified that he overheard the appellant state that "he was going to get" the victim for stealing the appellant's car.

The appellant testified as a witness on his own behalf. The appellant denied any involvement in the murder, contending that he was at home with his girlfriend at the time of the shooting. The appellant did admit that, after the victim stole his car, he threatened to "get" the victim. On cross- examination, the state asked the appellant if, on the night of the shooting, he was in possession of a shotgun. The appellant responded that he was not. The state then inquired if all the other witnesses who testified that the appellant did have a shotgun around the time of the shooting were "lying." The appellant responded affirmatively.

At the close of the defense's case in chief, the state called Detective Bill Pridemore as a rebuttal witness. Prior to trial, Pridemore had made a summary of statements given to him by Rodriguez Lee during questioning. The statements corroborated Lee's trial testimony. On direct examination, the state asked Pridemore to recount his summary of these statements. Defense counsel objected on the ground that Pridemore was a material witness, and thus, should not be permitted to testify as a rebuttal witness. The state argued that the appellant had "opened the door" when he testified on cross-examination that anyone who said he possessed a shotgun on the night of the murder was "lying." The trial judge overruled defense counsel's objection.

Wilson, C.C.A. No. 01C01-9408-CR-00266, 1995 WL 676398 at *1-2.

### III. Post-Conviction Hearings

Two post conviction hearings were held. At the initial post-conviction hearing Petitioner presented two witnesses, Dawone Matthews and Brandi Chriswell. Both witnesses testified that they were in the general vicinity of the murder on September 15, 1992, and that they saw Petitioner somewhere other than the murder scene at the time the murder was committed.

Matthews testified that he knew Petitioner because he was dating Petitioner's sister around the time of the murder. Chriswell, who was 12 years of age at the time of the murder, testified that she knew Petitioner's face and name. Both Matthews and Chriswell testified that on the date of the murder they were in an area in Nashville called "the village." At that time both were congregating with their friends–Matthews was on a basketball court, and Chriswell was out on the porch of an apartment adjacent to the basketball court. Both testified that Petitioner was also on the basketball court.

When gun shots rang out, Matthews stated that he ran with his girlfriend (Petitioner's sister) to the home of Petitioner's mother. Matthews testified that Petitioner ran in the house right after Matthews. On cross examination, Matthews testified that Petitioner was running with him immediately after the shots were fired, and that the place where the victim was killed was approximately 30 yards away from the basketball court. Chriswell testified that when shots were fired, she saw Petitioner on the basketball court, and that the gunshots came from an area to the right of her--away from the court.

Both Matthews and Chriswell testified that they were not contacted by any attorneys for Petitioner until they were approached by post-conviction counsel, but that they would have testified at Petitioner's trial had they been asked. On cross examination both acknowledged that they did not know the date of Petitioner's trial. Matthews stated that he did not come forward with his information because the idea "never came to my mind."

The State called Petitioner's mother, Valerie Wilson Ehinlaiye. Ehinlaiye testified that Petitioner entered her home five to ten minutes after the shooting, and that he entered with a woman named Sonya, not with Matthews. Ehinlaiye also testified that she was not called as a witness at Petitioner's trial.

The hearing was then continued until October 14, 1998, at which time Petitioner called Petitioner's trial counsel to the stand, and Petitioner also chose to testify. Trial counsel testified that he did undergo psychological and drug dependency evaluations, but that these occurred after his representation of Petitioner, and that his license was in good standing during Petitioner's representation. Trial counsel also testified that he did not recall the reasonable doubt instruction that was given to the jury. Post-conviction counsel for Petitioner attempted to question trial counsel regarding the non disclosure of Petitioner's oral statement by the State, as well as the State's use of a material witness in rebuttal, but the post-conviction court ruled that both issues were predetermined.

As to alibi witnesses, trial counsel testified that Petitioner gave him the "street" names of three individuals who could provide alibis for Petitioner: "Jabber," "Rodney," and "Ice." Petitioner did not provide formal names or addresses for these individuals, but told counsel that they could be located in a particular area of the Edge Hill housing projects. Trial counsel said that he canvassed this area four times looking for these persons, twice by himself, twice with an assistant, but was unsuccessful each time. Counsel stated that he did not recognize the names of Dawone Matthews or Brandi Chriswell. Trial counsel testified that Petitioner's mother was not called as an alibi witness because she could not provide an alibi.

Petitioner testified that he gave trial counsel the names of several alibi witnesses: Craig Johnson ("Ice"), "Snake," "Jabber," Dewan (sic), Rodney, Randy, and Brandy (sic). Petitioner stated that he did not provide trial counsel with the given names of all the possible alibi witnesses because he was not familiar with their names, but that the street names "are the names that they go by every day." He also testified that he did not provide formal addresses because he did not know them, but that these individuals were in Petitioner's neighborhood every day. Petitioner testified that he had no personal knowledge of any efforts trial counsel may or may not have made to locate the witnesses.

-6-

Following the hearing the post-conviction court orally dismissed the petition:

The Court: The allegation is ineffective assistance and counsel in the matter and under the law, it is the petitioner's burden to carry the proof. I have Mr. Wilson saying he gave the names to Mr. Blair and Mr. Blair didn't do anything. Mr. Blair tells me he went and looked for the witnesses. There's no proof here that the outcome of the trial would be any different or that Mr. Blair was outside of the requirements as far as counselor is concerned in a case in this community (sic). The petition is dismissed.

The trial court issued a written order dismissing the petition, but did not set forth any findings of fact or conclusions of law in the order or in a separate memorandum.

## IV. Analysis

Petitioner's request for post-conviction relief is governed by the Post Conviction Procedure Act of 1995. See Tenn. Code Ann. § 40-30-201, Compiler's Notes (1997). As a threshold matter we must decide if the post-conviction court's failure to issue written findings of fact and conclusions of law precludes us from addressing Petitioner's appeal. Tennessee Code Annotated § 40-30-211(b) requires a post-conviction trial court to enter a written order or memorandum upon final disposition of a petition, which "shall set forth . . . all grounds presented, and shall state the findings of fact and conclusions of law with regards to each such ground." (1997). See also Tenn. Sup. Ct. R. 28, § 9(A).

Here, we have no such findings of fact and conclusions of law. The post-conviction court disposed of Wilson's petition orally following the conclusion of the second evidentiary hearing. The written order entered thereafter does not contain any findings of fact and conclusions of law. Nor is there a separate memorandum.

Section 40-30-211(b) is identical to its predecessor, § 40-30-118(b). Compare Tenn. Code Ann. § 40-30-211(b) (1997) with Tenn. Code Ann. § 40-30-118(b)

(1990). This Court interpreted the provisions of § 40-30-118(b) as creating mandatory obligations that a trial court must follow in a post-conviction proceeding. See State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984) (citing Brown v. State, 445 S.W.2d 669 (Tenn. Crim. App. 1969)). Because the purpose of the section was to ensure meaningful appellate review, a trial court's failure to comply with the section did not constitute a constitutional abridgement nor did it render a petitioner's conviction or sentence void or voidable. Id. (citing George v. State, 533 S.W.2d 322 (Tenn. Crim. App. 1975)). The remedy for a trial court's failure to comply with § 40-30-118 was assessed on a case-by-case basis: "Non-compliance by the post-conviction court does not warrant a reversal if the record is sufficient to effectuate a meaningful appellate review . . . . 'Where the record of the proceedings contains the reasons of the trial judge for dismissing the petition, the record is sufficient to effectuate meaningful appellate review.'" Rickman v. State, 972 S.W.2d 687, 692 (Tenn. Crim. App. 1997) (citing Brown v. State, C.C.A. No. 03C01-9107-CR-00233, 1992 WL 143878 (Tenn. Crim. App., Knoxville, June 26, 1992); quoting Watkins v. State, C.C.A. No. 1121, 1989 WL 106974 (Tenn. Crim. App., Knoxville, Sept. 18, 1989)).

Given that the language of § 40-30-211(b) is identical to that in § 40-30-118(b), we see no reason to depart from the above reasoning, and adopt the above as the correct approach to interpreting violations of § 40-30-211(b). Accordingly, we turn to the petition and record before us to see if meaningful appellate review may be provided.

We are of the opinion that Petitioner's claims may not be meaningfully reviewed. Because the trial court did not address all of the petitioner's grounds, and because we cannot deduce from the record the trial court's findings of fact and conclusions of law, we must remand the case to the trial court for a complete written order.

To begin, Petitioner raised a total of seven issues in his post-conviction petitions. The trial judge ruled two of those issues to be predetermined. Thus five issues remained: (1) whether trial counsel was ineffective because counsel was undergoing psychological or substance abuse evaluation during his representation of Petitioner; (2) whether the trial court erred in giving a jury instruction on reasonable doubt that did not meet constitutional standards; (3) whether trial counsel was ineffective because counsel failed to object to this instruction; (4) whether the state violated Petitioner's due process rights when the state failed to identify witnesses in the indictment whose testimony was part of the state's proof-in-chief; and (5) whether trial counsel was ineffective because counsel failed to locate, interview, and present alibi witnesses that were available and willing to testify on behalf of Petitioner.

The oral disposition of the petition, however, addresses one claim— ineffective assistance of counsel as regards to alibi witnesses. Because there are no findings of fact and conclusions of law as regards the four missing issues, we are unable to provide any review of the trial court's determinations on these claims.

Nor are we able to meaningfully review the one issue that the trial court did address in disposing of the petition. Petitioner alleges ineffective assistance of counsel as to procurement of alibi witnesses. There is, however, conflicting testimony, and the trial court did not state whose testimony it credited. We have noted this before:

> [w]e cannot discern whether the trial court accredited the testimony of the petitioner or his trial attorney. Although it may be possible to infer that the trial court accredited the attorney's testimony, one of the main purposes behind requiring an order with findings of fact and conclusions of law is to prevent this very type of speculation on appeal."

Steve E. Todd v. State, C.C.A. No. 01C01-9612-CR-00503, 1999 WL 30678 at *4 (Davidson County) (Tenn. Crim. App., Nashville, Jan. 16, 1999) (no Rule 11 application filed).

We would like to emphasize that the Post Conviction Procedure Act is very clear as to what must be done by a trial court on the final disposition of a petition: "the court <u>shall</u> enter a final order . . . [and] <u>shall</u> set forth in the order or a written memorandum of the case <u>all</u> grounds presented, and <u>shall</u> state the findings of fact and conclusions of law with regard to <u>each</u> such ground." Tenn. Code Ann. § 40-30-211(b) (1997) (emphasis added); <u>see</u> <u>also</u> Tenn. Sup. Ct. R. 28, § 9(A).

## V.  Conclusion

In summary, the trial court's disposition of the post-conviction petition is not adequate.  The oral disposition from the bench and the written judgment do not address all of Petitioner's claims, and do not contain sufficient findings of fact and conclusions of law that provide the grounds for the denial of Petitioner's ineffective assistance of counsel claim as to alibi witnesses.  As a result, we cannot provide meaningful appellate review.  We vacate the judgment of the trial court and remand this case for proceedings consistent with this opinion.  After the trial court has made its complete findings of fact and conclusions of law as to each ground, it should enter another order either granting relief or denying the petition.  The appeal process can then be followed if the aggrieved party so desires.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
NORMA McGEE OGLE, Judge