IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 21, 2005

## SHAWN DONZELL ANGLIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-C-1610      Cheryl Blackburn, Judge**

_____

**No. M2005-00941-CCA-R3-PC - Filed February 6, 2006**

_____

This is an appeal from the denial of post-conviction relief. The Petitioner, Shawn Donzell Anglin, pled guilty to and was convicted of facilitation of possession for resale of more than 0.5 grams of cocaine. Pursuant to a plea agreement, the Petitioner was sentenced to ten years to be served in Community Corrections and was fined $2,000. The Petitioner filed for and was denied post-conviction relief. The Petitioner now appeals the trial court's order denying post-conviction relief, claiming his trial counsel provided ineffective assistance of counsel which resulted in an involuntary guilty plea. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Shawn Donzell Anglin.

Paul G. Summers, Attorney General and Reporter; Jane L. Beebe, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The facts leading to the conviction and sentence at issue in this case were stipulated at the Defendant's guilty plea hearing as follows:

The testimony would be that in the early morning hours of May 3rd, 2002, Sergeant Chick of the Metropolitan Police Department along with Officer Brad Burnes basically stopped Mr. Anglin based upon suspicion they had, various -- had

seen various activities going on, determined that he had no driver's license, and ultimately obtained consent to search the vehicle he was driving. . . . In any event they ultimately found a quantity of cocaine, some in the passenger compartment of the vehicle and another in the rear compartment, which was over a half gram of cocaine, circumstances indicating it was possessed for sale or delivery. That occurred in Davidson County, Tennessee.

In August of 2002, a Davidson County grand jury indicted the Petitioner on one count of possession with intent to sell or deliver twenty-six grams or more of cocaine, see Tenn. Code Ann. § 39-17-417, and one count of driving with a suspended license, see Tenn. Code Ann. § 55-50-504. In September of 2003, the Petitioner, pursuant to a plea agreement, pled guilty to the lesser offense of facilitation of possession for resale of more than 0.5 grams of cocaine.[1] The plea agreement stipulated a fine of $2,000 was to be imposed and the Petitioner would serve ten years as a Range I, standard offender in the Community Corrections program.

In April of 2004, the Petitioner violated the conditions of his Community Corrections program and was subsequently ordered to serve the remainder of his ten-year sentence in prison. In August of 2004, the Petitioner filed a pro se petition for post-conviction relief. The trial court found the petition presented a colorable claim, appointed counsel and scheduled an evidentiary hearing. In November of 2004, the Petitioner filed an amended petition for post-conviction relief raising the issues of ineffective assistance of counsel and an involuntary guilty plea.

The trial court conducted an evidentiary hearing on the petition for post-conviction relief in February of 2005. At this hearing, the Petitioner testified that his trial counsel ("Counsel") came to meet with him while he was in jail only once; Counsel never sent him mail; Counsel never called him; and Counsel met with him outside of the jail only on days he appeared in court and these meetings lasted only "five to ten minutes." The Petitioner also stated that he requested Counsel to proceed with a suppression hearing a "couple" of times. However, this hearing never took place, and Counsel failed to explain why. The Petitioner further testified that Counsel never discussed with him what he was charged with or possible defenses available. He also insisted that although he expressly informed Counsel that he wanted to go to trial, Counsel ignored his request. When the Petitioner was asked why he did not request a trial in open court the day he entered his plea, he responded: "Because I feel it -- to me, it was like [Counsel] didn't have the confidence within hisself [sic] to even try to even represent me in going to trial, so I felt that I should have gone on and just take this offer that they was offering me."

On cross-examination, the Petitioner admitted that he was aware that he faced a considerably longer sentence if convicted of the original charges than that offered in the plea agreement, and further conceded that he did not seek post-conviction relief until after he had violated the conditions of his Community Corrections sentence. However, the Petitioner maintained that Counsel never explained to him the proviso that the State would withdraw its plea offer if he insisted on proceeding

---

[1]The driving with a suspended license charge was apparently dropped as part of the plea offer.

with a suppression hearing. The Petitioner did not call any other witnesses or present any evidence other than his own testimony at the post-conviction hearing.

Counsel testified that he had been practicing exclusively criminal law since 1992. He further stated that he had been retained by the Petitioner at the General Sessions level and visited the Petitioner when he was incarcerated "one or two times." Counsel explained that the offer of ten years as a Range I offender, one grade lower than the Petitioner's record supported, and service of the sentence in the Community Corrections program was conditioned upon abandoning pursuit of a suppression hearing. Counsel also stressed that he explained, and he believed the petitioner understood, the trade-off in possibly winning at the suppression hearing and having the case dismissed versus losing at the suppression hearing and facing a significant amount of time in prison. Counsel also testified that he read the plea agreement to the Petitioner and discussed its contents. He said that the Petitioner had over a month to consider his options while he flattened a prior sentence.

On cross-examination, Counsel testified that he had "long conversations" with the Petitioner concerning his case, and he also recalled "drawing [the Petitioner] diagrams on a legal pad" concerning the possible sentencing outcomes based on accepting the plea agreement or electing to go to trial. Counsel testified that the Petitioner was primarily concerned about the "quickest way" to get out of serving any additional time in prison. When asked if the Petitioner expressed any reservations the day he accepted the plea agreement for a Community Corrections sentence and entered his plea of guilty, Counsel responded: "No. He was pretty excited to get out."

In April of 2005, the trial court issued an order denying the Petitioner's request for post-conviction relief. This appeal followed.

**ANALYSIS**

On appeal the Petitioner claims: "The Post-Conviction Court erred in finding Appellant's guilty pleas were entered knowingly and voluntarily and were not the result of counsel's ineffective assistance in: A) failing to adequately consult with the Appellant and advise him of the plea[] consequences; [and] B) coercing Appellant to involuntarily enter his guilty plea[]."

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel.  See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland, 466 U.S. at 686.  This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance.  See id. at 687; Burns, 6 S.W.3d at 461.  The defendant bears the burden of establishing both of these components by clear and convincing evidence.  See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461.  The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim.  See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea.  See Hill v. Lockhart, 474 U.S. 52, 58 (1985).  The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness."  See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462.  The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689.  The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal.  See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).  This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise.  See id.  "However, a trial court's conclusions of law-- such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions."  Id.

-4-

Additionally, our supreme court, in setting forth the standard for identifying a constitutionally valid guilty plea, noted that "before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily." State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999) (citing to Boykin v. Alabama, 395 U.S. 238, 242 (1969)). Our high court further noted that "a plea is not 'voluntary' if it is the product of '[i]gnorence, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats,'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43), or if the defendant is "incompetent or otherwise not in control of his mental facilities" when the plea was entered. Id.

After considering the testimony presented at the post-conviction hearing, the trial court issued an order containing detailed findings of fact and a thorough legal analysis in which it concluded that post-conviction relief was unwarranted. Addressing the Petitioner's claim of deficient communication, the court recounted the conflicting testimony of the Petitioner and Counsel, and concluded: "The Court [finds Counsel's] testimony to be credible and does not find that [Counsel] failed to adequately consult with petitioner." The trial court continued, noting that even "[a]ssuming, in arguendo, . . .that [C]ounsel only met with Petitioner on court dates for five to ten minutes each visit as Petitioner alleges, Petitioner has still failed to show that the number of meetings he had with [C]ounsel was so deficient as to constitute ineffective assistance of counsel." Thus, the trial court found "[n]othing in the record indicates that [Counsel] failed to meet with the Petitioner and keep him informed of the proceedings." The trial court also noted that "during Petitioner's plea colloquy, Petitioner informed the Court that he was satisfied with the work [Counsel] did for him." Accordingly, the trial court concluded: "Petitioner has failed to demonstrate by clear and convincing evidence that trial counsel was ineffective or that he was prejudiced by [C]ounsel's alleged deficient performance."

The trial court also accredited the testimony of Counsel that "if Petitioner proceeded with the suppression hearing and lost then the community correction offer would no longer be available and the only plea offer would be at Range II offender status requiring time to be served in the TDOC." The court further found that "this type of plea negotiation--that is, taking off the table a previously offered plea after a suppression hearing--is not unusual." Noting that Counsel testified that he and the Petitioner carefully discussed the State's offer and the "pros and cons" of the options available, the trial court concluded: "Again, the Court finds [Counsel's] testimony to be credible and that the Petitioner has not shown by clear and convincing evidence that [Counsel's] representation was deficient nor has he shown that he was prejudiced by the alleged deficiency."

As to the Petitioner's claim that his plea was not voluntary because he felt pressured to plead guilty due to the deficiencies of Counsel's representation, the trial court found that this claim failed because 1) Counsel was not deficient in his representation, 2) the Petitioner failed to demonstrate any prejudice due to the alleged deficiency, and 3) the Petitioner expressly told the court during the plea colloquy that he was satisfied with Counsel's representation. Accordingly, the trial court found that "the Petitioner was aware of the plea process and its ramifications and that he knowingly and voluntarily entered his guilty plea." In conclusion, the trial court stated, "this Court finds the issues

contained within the Petitioner's ground[s] for relief to be without merit," and denied post-conviction relief.

After considering the arguments presented to us on appeal, we conclude that the Petitioner has failed to carry his burden of establishing that the evidence preponderates against the trial court's findings. The Petitioner would have this Court accredit his testimony offered at the post-conviction hearing, in which he alleged his trial counsel provided deficient communication by conducting infrequent and short meetings, failed to discuss the charges he faced and any possible defenses available, and failed to explain that the offered plea agreement was conditioned upon abandoning a suppression hearing. By implication, the Petitioner asks this Court to expressly discredit the contrary testimony of Counsel and to overturn the carefully considered findings of the trial court. However, as stated above, this Court will not re-weigh or re-evaluate evidence, and all questions concerning the credibility of witnesses and the weight and value to be given their testimony are to be resolved by the trial court, and not by the appellate courts. See Momon, 18 S.W.3d at 156. Accordingly, we conclude that the evidence does not preponderate against the findings of the trial court. We affirm the trial court's ruling that the petitioner has neither demonstrated deficient representation by his Counsel nor established prejudice. He is not entitled to relief based on ineffective assistance of counsel.

We are also unpersuaded by the Petitioner's unsupported assertion that his guilty plea was either coerced or entered involuntarily due to his lack of confidence in either Counsel's ability to take the case to trial or resolve to do so. While the Petitioner may have felt pressured to accept the plea agreement, any coercion he faced can be attributed to his own desire to get out and stay out of prison as "quickly" as possible and cannot properly be imputed to Counsel. It is well settled law that the mere inducement to plead guilty so as to secure leniency or a shorter sentence than that which may result from a jury trial does not constitute grounds for invalidating a guilty plea. See Blankenship, 858 S.W.2d at 904. See also George v. State, 533 S.W.2d 322, 326 (Tenn. Crim. App. 1975) (holding that a guilty plea is not rendered involuntary by the fact that the accused was faced with the difficult election between a likely lesser sentence on a plea agreement and the possibility of a greater sentence upon plea of not guilty, or fear that he would be prosecuted for additional offenses).

Furthermore, the record on appeal reflects that before the Petitioner decided to enter a guilty plea, he carefully discussed the "pros and cons" of the plea offer with Counsel. The Petitioner ruminated over the decision for more than a month as he remained in prison serving out the remainder of a previous sentence. Moreover, the trial court meticulously followed the Boykin due process safeguards when questioning the Petitioner at the plea hearing, and at this hearing the Petitioner expressly affirmed his satisfaction with Counsel's representation. See Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Thus, the evidence demonstrates that the Petitioner did indeed enter his plea knowingly, intelligently and voluntarily. Accordingly, we agree that the Petitioner's guilty plea was not entered involuntarily due to Counsel's alleged deficient representation.

After examining the entire record on appeal, we find that the Petitioner has failed to prove his trial counsel provided deficient representation in any respect. Having found that the Petitioner failed to meet the first prong of the <u>Strickland</u> test, we are not required to examine the issue further. Nonetheless, we note that the Petitioner has also failed to prove that "but for" the alleged errors of his trial counsel he would have insisted upon going to trial. <u>Lockhart</u>, 474 U.S. at 59. To the contrary, the Petitioner presented no evidence which preponderated against the trial court's finding that he was not prejudiced by any of the alleged claims of deficiency.

In sum, the Petitioner has failed to prove by clear and convincing evidence that his trial counsel's representation fell outside the wide range of reasonable professional assistance. Based on the evidence in the appellate record, the Petitioner's trial counsel provided representation that was neither deficient nor prejudicial. Accordingly, we conclude that the Petitioner's trial counsel did not provide ineffective assistance of counsel. Additionally, we hold that the trial court did not err in finding the Petitioner's guilty plea was entered knowingly and voluntarily and was not the result of coercion due to the alleged ineffective assistance of counsel. This issue is without merit.

## CONCLUSION

Finding no error, the judgment of the trial court denying the Petitioner post-conviction relief is affirmed.

_____
DAVID H. WELLES, JUDGE