# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 11, 2004

## DAMIEN M. JACKSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-2159     Cheryl Blackburn, Judge**

_____

### No. M2003-00952-CCA-R3-PC - Filed June 25, 2004

_____

The petitioner appeals from his denial of post-conviction relief.  He alleges ineffective counsel and error by the post-conviction judge.  After careful review, we conclude that the petitioner failed to prove ineffective counsel.  Accordingly, we affirm the denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Eric S. Carter, Nashville, Tennessee, for the appellant, Damien M. Jackson.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Damien M. Jackson, was convicted by a jury of two counts of second degree murder and two counts of attempted second degree murder.  The convictions for second degree murder were merged.  The defendant was sentenced to twenty-five years at 100% on the second degree murder; twelve years (count three) and twelve years at 30% for the other second degree attempted murder (count four).  Count four was consecutive to count three; count three was consecutive to count two for an effective sentence of forty-nine years.  See State v. Damien Jackson, No. M2000-00763-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 530 (Tenn. Crim. App., at Nashville, July 18, 2001).  The petitioner subsequently filed for post-conviction relief, which was denied.  He now appeals the denial alleging that the post-conviction court erred: (1) by failing to specifically rule on all claims of the petitioner; and (2) by dismissing claims of ineffective counsel for pursuing a "lesser included" defense and failing to rebut enhancement evidence during sentencing.  We affirm the post-conviction court's judgment.

The factual background is summarized from the recitation of facts contained in the opinion of the direct appeal. Damien Jackson, 2001 Tenn. Crim. App. LEXIS 530, at \*\*2-9. On April 29, 1998, Tennessee State University student Cicely Mitchell was celebrating her birthday with twenty to forty other people at a house in Nashville. Without warning, shots were fired from the street into the interior of the house. Ms. Mitchell was shot four times, including one wound which severed a femoral artery, but she survived. John Hart and Herschel King were seated close to Mitchell and were also shot. King died from multiple gunshot wounds, and Hart survived being shot three times.

Two witnesses saw a masked man shooting into the window of the house where the victims were struck. The investigation by police revealed the house was struck eleven times and several bullets passed through the window. Eight or nine shell casings from a semi-automatic assault rifle were found at the scene. An informant's information led police to interview the petitioner. The petitioner admitted that he was the shooter and that he owned the gun used during the assault. The petitioner's claimed motivation was to scare an associate of a man who had insulted the petitioner.

Two weapons, an SKS assault rifle and a .22 rifle, were voluntarily turned over to police by the petitioner's mother. Ballistics testing revealed that the SKS rifle had fired the casings that were recovered at the crime scene. The petitioner was indicted for first degree murder and two counts of attempted first degree murder.

In support of his petition for post-conviction relief, the petitioner testified himself and called his co-counsels as witnesses. The petitioner testified that his co-counsels pursued a strategy of seeking a lesser included offense rather than his desired defense of not guilty. The possibilities he wanted to pursue included: a former resident at the crime scene had sold bad drugs; there were gang fights and robberies occurring on the TSU campus; and he had loaned the relevant weapon to an individual named Thomas. The petitioner stated that he wanted to testify but was overruled by his co-counsels. He stated he would have explained that the statement of confession was coerced by the officer by threats of locking up the petitioner's family. The petitioner did admit that he finally concurred in not testifying at trial. The petitioner stated that he had supplied co-counsels with a list of witnesses both at trial and at sentencing. Included in the list was a brother who had served as an alibi witness. None of the witnesses were called at trial or at the sentencing hearing.

The public defender was the original attorney appointed to the petitioner. He stated that later an assistant public defender took over most of the "hands-on involvement with the case." He testified that discovery was obtained and an investigation was conducted by the investigator for the public defender's office. He also stated that a mental evaluation of the petitioner was performed although his competence was not seriously questioned. The public defender did not recall if he personally talked with any witnesses. He stated that discussions were held with the petitioner concerning the problems the petitioner's confession presented to the defense. He stated that the petitioner was in agreement with the planned trial strategy and at no time during the trial did the petitioner pose any objections to the co-counsel's approach.

-2-

Next called was the remaining co-counsel at trial, an assistant public defender. She testified that the investigator for their office talked with many of the witnesses at the crime scene as well as those whose names were provided by the petitioner. She recalled going to the crime scene with co-counsel as part of their investigation. She stated that the results of their investigations were shared with the petitioner. She said that originally the petitioner had wanted to pursue a not guilty defense despite her and co-counsel's misgivings. She stated that had the petitioner insisted, she would have acquiesced and proceeded accordingly. She had, in preparation for that eventuality, filed notice of an alibi defense. However, a week to a week and a half before the trial, the petitioner agreed to the lesser included defense. In accordance with the petitioner's wishes, she had originally prepared to present an alibi defense. She explained that by adopting the lesser included defense, the witnesses were made irrelevant as they could not testify as to the petitioner's state of mind. She also said that it was the ultimate decision of the petitioner not to testify.

The assistant public defender recalled meeting with the petitioner in her preparation for the sentencing hearing. Potential witnesses were interviewed for sentencing but, in her opinion, none could help in establishing mitigating factors. She had discussions with the petitioner's parents but did not feel they could contribute to his cause. The petitioner's father was reluctant to get involved.

The post-conviction court accredited the testimony of the petitioner's co-counsels and found that the petitioner had failed to demonstrate by clear and convincing evidence that their representation was deficient. The court further found that the petitioner had failed to prove prejudice by any of the counsels' alleged acts or omissions. Accordingly, the allegations contained in the petition for post-conviction were ruled as without merit and the petition was dismissed.

**Standard of Review**

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. See Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

The trial court is required to set forth written findings of fact and conclusions of law for each claim raised in a post-conviction petition. Tenn. Code Ann. § 40-30-211(b). Although this requirement is mandatory, reversal is not always warranted when a trial judge fails to include written findings of fact and conclusions of law in the order dismissing a post-conviction petition. State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984). The legislative intent of the statute is to aid the appellate court's review of post-conviction proceedings. Id.; George v. State, 533 S.W.2d 322, 326 (Tenn. Crim. App. 1975). Where the court orally pronounces its findings from the bench, failure to state findings of fact and conclusions of law in the final order may be harmless error. State v. Higgins, 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987).

The petitioner, on this appeal, alleges that the post-conviction court did not specifically address the allegation of failure to rebut enhancement evidence at sentencing in the court's written order. While facially true, this issue ignores the fact that the petitioner failed to present any evidence at the post-conviction hearing that would serve to establish this ground of relief. The petitioner's counsel testified concerning possible witnesses which were considered for establishing mitigating factors and ultimately concluded that these witnesses would not be helpful. The petitioner did not produce any witness at the post-conviction hearing that would serve to rebut counsel's decision. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); see also Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. Black, 794 S.W.2d at 757. Neither the trial court nor this Court can speculate on what a witness's testimony might have been if introduced by counsel. Id.

By failing to present testimony that would establish mitigating factors, the petitioner's claims of error as to co-counsel's ineffectiveness and post-conviction court's error remain unproven. The failure of the post-conviction court to specifically address this allegation was understandable in that the petitioner did not present evidence to raise the issue. Therefore, this issue is without merit.

The petitioner next argues that his co-counsels pursued a "lesser included defense" against his will and direction. Both co-counsels testified that the petitioner was at first insistent on pursuing a not guilty defense but acceded and agreed to their advice at least a week before trial. The petitioner himself testified that he agreed to forego testifying himself which lends credence to the accredited testimony of the co-counsels. The post-conviction court found the co-counsels' testimony credible in this regard, and the evidence does not preponderate otherwise. Therefore, we affirm the post-conviction court's findings that the strategy was adopted with the full agreement of the petitioner and was a sound decision without prejudice to the petitioner.

**Conclusion**

The petitioner has failed to present any evidence that trial counsel failed to present any evidence that trial counsel failed to discover or present favorable witnesses for the defense. In addition, the trial court accredited the testimony of co-counsels that the petitioner had agreed on their suggested defense strategy and it was a sound decision. The judgment of the post-conviction court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE