# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
November 20, 2008 Session

## JOE TYREE v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Marshall County
### No. 07-CR177    Robert Crigler, Judge

### No. M2008-01273-CCA-R3-PC - Filed August 21, 2009

The petitioner, Joe Tyree, appeals the denial of his petition for post-conviction relief. The petitioner submitted a guilty plea to one count of violation of the sex offender registry. On appeal, he contends that: defense counsel provided ineffective assistance of counsel; his plea was not knowingly and voluntarily entered; and the post-conviction court failed to comply with the statute that requires the court to set forth findings of fact and conclusions of law with regard to each issue. After careful review, we conclude no reversible error exists and affirm the judgment from the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Emeterio R. (Terry) Hernando, Lewisburg, Tennessee, for the appellant, Joe Tyree.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner entered a guilty plea to one count of violation of the sex offender registry. The petitioner testified during the post-conviction hearing that he received ineffective assistance of counsel leading to the entry of his guilty plea. Specifically, he stated that counsel did not investigate his case and that he believed he was being prosecuted under a defective indictment. The petitioner testified that he requested the discovery materials both orally and in writing from his counsel and that he also provided counsel with a list of potential witnesses to call at trial. The petitioner testified that he told counsel that there were important documents in his truck that could be used at trial. He said that he did not receive a response to his written inquiries and that, to his knowledge, no one ever went to check on the documents in his vehicle.

The petitioner also sent a letter to counsel raising several issues concerning the validity of the indictment. An attorney with the public defender's office replied to the petitioner's letter concerning the indictment and sent it along with a copy of the discovery materials. The petitioner testified that he was later charged with aggravated robbery and was also represented by the public defender's office on that charge. He believed that, when the aggravated robbery arose, counsel put the violation of the sex offender registry charge "on the back burner."

The petitioner testified that the witnesses he proposed were not investigated or brought to court on the day of his trial. He contended that counsel did not file pretrial motions because he said the case was "cut and dried." The petitioner testified that counsel did not communicate with him about any possible defenses and that they did not develop any defenses together. Counsel told him that he would not file any pretrial motions because they would be frivolous. He said that counsel told him that he could "post-convict" him about his issues with the indictment.

Counsel testified that he worked with the public defender's office and was appointed to represent the petitioner. He said that he met with the petitioner at least four or five times regarding the violation of the sexual offender registry. He said that his office sent a request to their investigators to look into the petitioner's inquiries from his letters and his proposed witnesses. He said that they could find no record of the truck being impounded and they were unable to make contact with one of the proposed witnesses. They spoke to the petitioner's prior landlord, who confirmed everything that the State's case alleged. The police became aware that the petitioner moved without updating his address when they were called to his new residence to investigate an incident of domestic violence. Counsel testified that he put together a time line of the events and did not see a need to request a bill of particulars. He said that the time line reflected that the petitioner had not registered his new address for more than a month.

Counsel said the initial plea offer was approximately one year and six months as a Range I offender. The petitioner was actually a Range II or III offender with several prior convictions that were not in the computer system. Counsel wanted to keep those other convictions from the State. The petitioner eventually entered a guilty plea to serve one year as a Range I offender. Counsel said he did not recall advising a client to enter a plea and file a petition for post-conviction relief. He told the petitioner that he was looking at five to six years at forty-five percent if he went to trial and was convicted.

The post-conviction court determined that counsel provided effective assistance to the petitioner and that the petitioner entered his guilty plea knowingly and voluntarily.

Analysis

On appeal, the petitioner contends that the post-conviction court improperly determined that counsel provided effective assistance. Specifically, the post-conviction court determined that: counsel adequately met with and communicated with the petitioner; counsel properly determined that there were no defects in the indictment; counsel properly determined that the pretrial motions

requested by the petitioner were without merit; counsel was not ineffective for failing to tell the petitioner he had a right to be sentenced by a jury; and the petitioner failed to show that he was deprived of a fair proceeding.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. *State v. Melson*, 772 S .W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but, instead, would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *see also Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. T.C.A. § 40-30-210(f) (2006). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001).

The petitioner raised five areas in which he claimed counsel was deficient. He contends that counsel improperly advised the petitioner regarding possible defenses and that counsel did not properly communicate and advise the petitioner, properly investigate the case, file the proper pretrial motions, and advise the petitioner that he had a right to be sentenced by a jury.

First, the petitioner contends that counsel failed to properly advise him about the case. However, the evidence reflects that counsel communicated with the petitioner on several occasions and participated in plea negotiations with the State during his representation of the petitioner. Counsel testified that he informed the petitioner that he was facing five or six years at forty-five percent as a Range III offender if convicted. The post-conviction court found that the petitioner's testimony was "extremely vague" and, in turn, accredited the testimony of counsel. The petitioner merely asserts that counsel did not properly advise him. He has not demonstrated that counsel failed to meet with and instruct him adequately. This issue is without merit.

Next, the petitioner contends that counsel failed to properly investigate specific witnesses that he recommended for his defense. Counsel testified that he tried to find the witness proposed by the

petitioner. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also Scott v. State*, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. *Black*, 794 S.W.2d at 757. Neither the trial court nor this court can speculate on what a witness's testimony might have been if introduced by counsel. *Id.* The petitioner failed to call any such witnesses at the post-conviction hearing; thus, this issue is without merit.

Next, the petitioner contends that counsel was ineffective for incorrectly advising him regarding possible defenses and failing to challenge the validity of the indictment. The post-conviction court determined that the petitioner failed to demonstrate that counsel was ineffective for not challenging the validity of the indictment. Defense counsel testified that he did not file pretrial motions because they would have been without merit. Counsel did not file any motion with regard to the indictment because he believed that it contained all the pertinent information. He testified that the defense compiled a time line to reconstruct the events alleged by the State. His review reflected that the petitioner was in violation of the registration requirements of the sexual offender registry. Counsel testified that the indictment contained enough evidence that he could prepare for a defense or that the court could properly enter judgment against the petitioner. The Tennessee Supreme Court has held that the purpose of an indictment is to provide the defendant with notice of the offense charged, provide the court with an adequate ground upon which a judgment may be entered, and provide the defendant with protection against double jeopardy. *See State v. Byrd*, 820 S.W.2d 739, 741 (Tenn. 1991). Because, as found by the post-conviction court, the indictment in this case did that, this issue is without merit.

Next, the petitioner contends that counsel was ineffective for failing to file the pretrial motions requested by the petitioner. As previously stated, counsel testified that he did not file any pretrial motions, specifically, a motion for a bill of particulars, because he felt it had no merit. Counsel testified that he would have filed a bill of particulars if the information contained in the indictment was not adequate to assist him in preparing a defense. He knew the time line regarding the period alleged by the State and did not deem a bill of particulars to be necessary. The petitioner has not demonstrated on appeal that he was prejudiced by counsel's decision not to request a bill of particulars nor has he shown that he would have proceeded to trial if the motion had been filed. This issue is without merit, and the petitioner is entitled to no relief.

Next, the petitioner argues that counsel was ineffective when he did not advise him that he had a right to be sentenced by a jury rather than the judge. Specifically, the petitioner argues that the line of cases beginning with *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348 (2000), including *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007), stands for the proposition that a jury, rather than a judge, must impose a sentence in Tennessee. The State argues on appeal that this is a

misreading of *Gomez II,* and we agree.  In *Gomez II*, our supreme court held that a trial court's use of enhancement factors based on facts not found by a jury were a violation of a defendant's Sixth Amendment right.  *Gomez II*, 239 S.W.2d at 740.  The *Gomez II* decision does not state that a jury must sentence a defendant; therefore, counsel can not be ineffective for failing to so advise the petitioner.  The petitioner is not entitled to relief on this issue.

Next, the petitioner argues that his guilty plea was entered involuntarily and unknowingly.  Basically, the petitioner argues that this issue is intertwined with his argument that counsel was ineffective.  The State argues that this issue is waived because the petitioner failed to include a transcript of the guilty plea hearing.  The petitioner bears the burden of preparing a record "that presents a complete and accurate account of what transpired in the trial court with respect to the issue on appeal.  The failure to do so results in a waiver of such issues and a presumption that the ruling of the trial court was correct." *State v. Thompson*, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997) (citing Tenn. R. App. P. 24(b), which requires an appellant to file a transcript of all proceedings at issue on appeal); *see also State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); *State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990).  Because the petitioner has failed to introduce a transcript of the hearing, this issue is waived.

Finally, the petitioner argues that the post-conviction court failed to comply with the requirements of Tennessee Code Annotated section 40-30-111(b), that requires a court to set forth findings of fact and conclusions of law.  The relevant statute reads:

> Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each ground.

T.C.A. § 40-30-111(b) (2006).

Although this requirement is mandatory, reversal is not always warranted when a trial judge fails to include written findings of fact and conclusions of law in the order dismissing a post-conviction petition.  *State v. Swanson*, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984).  The legislative intent of the statute is to aid the appellate court's review of post-conviction proceedings.  *Id*.; *George v. State*, 533 S.W.2d 322, 326 (Tenn. Crim. App. 1975).  Where the court orally pronounces its findings from the bench, failure to state findings of fact and conclusions of law in the final order may be harmless error.  *State v. Higgins*, 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987).

In the instant case, the post-conviction court's order incorporates by reference the oral findings of fact and conclusions of law that are contained in the record of the post-conviction hearing.  The petitioner has not demonstrated on appeal that he was prejudiced because the trial court did not issue detailed findings of fact in his written order with regard to each issue raised in his petition.  The petitioner is not entitled to relief on this issue.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE